ELTON M. HEATH *vs.* CHARLES J. STODDARD.

Androscoggin.    Opinion May 4, 1898.

*Agent.    Power to Sell.    Apparent Authority.*

A principal is not only bound by the acts of his agent, whether general or special, within the authority which he has actually given him, but he is also bound by his agent's acts within the apparent authority which the principal himself knowingly permits his agent to assume, or which he holds the agent out to the public as possessing.

Whether or not a principal is bound by the acts of his agent, when dealing with a third person who does not know the extent of his authority, depends, not so much upon the actual authority given or intended to be given by the principal, as upon the question, what did such third person, dealing with the agent, believe and have a right to believe as to the agent's authority, from the acts of the principal.

The plaintiff, the owner of a piano, intrusted it to one Spencer for the purpose of having it taken to and left at the house of the defendant with a view to its sale, but without any authority, as the plaintiff claimed and was found by the jury, to sell the piano or to make any contract for its sale; the arrangement being, as the plaintiff claimed, that Spencer should merely take it to and leave it at the defendant's house and that a day or two later the plaintiff would go there and make a sale of it if he could. Spencer had the piano taken to the defendant's house, but instead of simply leaving it so that the plaintiff might subsequently sell it, he assumed authority in himself to sell it to the defendant, who bought it and paid in cash and otherwise the full purchase price fixed by Spencer, without any knowledge of his want of authority.

Spencer was himself a dealer in pianos and musical instruments, and upon the very day when he made the arrangement with the plaintiff to take one of his (plaintiff's) pianos to the defendant's house, he had seen the defendant and attempted to sell him one of his pianos. There was evidence tending to show that the plaintiff knew these facts when he intrusted the piano to Spencer for the purpose of its being taken to the defendant's house with a view to its sale.

*Held;* that a jury might have been warranted in coming to the conclusion that the purchaser was justified in believing, in view of the facts, that Spencer had authority to sell, and that the plaintiff knowingly placed Spencer in a position where he could assume this apparent authority to the injury of the defendant; and that the instructions of the court, in which it was not explained to the jury that a principal might be bound by the acts of an agent,

not within his actual authority, but within the apparent authority which the principal had knowingly and by his own acts permitted the agent to assume, in view of the facts of the case, were inadequate.

ON EXCEPTIONS BY DEFENDANT.

This was an action of replevin to recover a piano which one Spencer sold to the defendant for $125 in cash and a horse worth from $10 to $25. The jury returned a verdict for the plaintiff, and assessed damages in the sum of one cent.

At the trial the defendant contended that if the plaintiff after knowing that Spencer had talked with the defendant relative to the purchase of a piano, delivered the piano in suit to Spencer to be carried to the defendant's home in Greene to plant, and if Spencer instead of planting the same as instructed by the plaintiff, sold the same to the defendant and appropriated the proceeds, then having placed Spencer in the position to commit a fraud, the plaintiff must suffer the loss incurred by the fraudulent acts of Spencer in selling the piano and appropriating the proceeds, and not the defendant, who was an innocent party.

The presiding justice did not instruct the jury as contended for by the defendant, but did instruct them among other matters and things as follows:

"The mere fact that Spencer had possession of that piano and sold it to the defendant, even, as the defendant says, Heath's name not having been mentioned to the defendant, would not necessarily give a title to the defendant. To illustrate: Suppose you are a livery stable keeper, and you let a man have a horse to go from here to Portland. You let him have that horse, but it is for a special purpose to go from here to Portland. He meets a man on the road and asks him what he will give him for the horse, and they dicker and finally the man whom he meets buys that horse for one hundred and twenty-five dollars. You do not suppose that would divest you of the title as a livery stable keeper; because you never have given authority to that man to sell it. You gave authority to that man to drive to Portland and back, and if any man was foolish enough to buy that horse of that man he will have to stand his chances. I give you this as an illustration.

It may be an extreme illustration.   Now, if a party allows another to take a piano and go into the country to leave it, and that party who takes it sells it and there is not any authority for that sale, then whoever purchases it in the country, or wherever it is left, or on the way, can obtain no greater title than the party has who sells it.   So it comes back to the question of whether this man Heath, the plaintiff in this case, ever authorized Spencer to so deal with that property in the way of a sale of it as to constitute him an agent for that purpose.   He may have constituted him an agent to go out and leave that piano.   He would be then a bailor (the plaintiff would) and Spencer would be the bailee, a person doing an act for another,—a bailment as it is termed; or you may put it in the more familiar phrase, that if the plaintiff allowed Spencer to take the piano and go out and leave it and gave him no other right or authority, why he would be the plaintiff's agent for that particular purpose, but he would not be an agent to make a sale of that property."

The defendant took exceptions to these among other instructions.

*Tascus Atwood*, for plaintiff.

Counsel cited:   Story, Agency, §§ 126, 133; *Parsons* v. *Webb*, 8 Maine, 38; *Rodick* v. *Coburn*, 68 Maine, 170; *Stevens* v. *Ellis*, 48 Maine, 501; *Stollenwerck* v. *Thacher*, 115 Mass. 224.

*W. H. Newell and W. B. Skelton*, for defendant.

When a commodity is sent in such a way, and to such a place, as to exhibit an apparent purpose of sale, the principal will be bound and the purchaser will be safe, although the agent may have acted wrongfully, and against his orders or duty, if the purchaser has no knowledge thereof.   *Carmichael* v. *Buck*, 10 Rich, Law Rep. (S. C.) 322 (70 Am. Dec. 226); Story, Agency, §§ 73 and note, 94.

Counsel argued:

1.   It appears that the defendant believed that Spencer was the principal.

2.   That the plaintiff knew all the talk or negotiations which had taken place between Spencer and the defendant.

3.  That knowing all this the plaintiff delivered this piano to Spencer to be sold to the defendant.

4.  That the apparent ownership in the piano was in Spencer.

5.  That the defendant purchased the same believing Spencer to be the owner, and knowing nothing of the ownership of the plaintiff in it, or of his instructions to Spencer.

6.  That the plaintiff placed Spencer in the position to commit a fraud.

7.  That if either should suffer from the fraudulent acts of Spencer, it should be the plaintiff, who placed Spencer in the position where he could accomplish the wrong, and not the defendant, who knew nothing of it from its inception to its consummation.

Counsel cited: 1 Benj. Sales, p. 19, 3d Am. Ed; Chitty, Cont. p. 362, 11 Ed. (1881); *McNeil* v. *10th Nat. Bank*, 46 N. Y. 325. Estoppel: *Nixon* v. *Brown*, 57 N. H. 34–39 ; *Barnard* v. *Campbell*, 55 N. Y. 456; Story, Agency, § 127.

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, SAVAGE, JJ. HASKELL, J., concurred in the result.

WISWELL, J.   Replevin for a piano.   The piano was at one time the property of the plaintiff who intrusted it to one Spencer for the purpose of taking it to, and leaving it at, the house of the defendant, but without any authority, as the plaintiff claims and as has been found by the jury, to sell the piano or to make any contract for its sale: the arrangement being, as the plaintiff claims, that Spencer should merely take it to and leave it at the defendant's house and that a day or two later the plaintiff would go there and make a sale of it if he could.

Spencer had the piano taken to the defendant's house, but instead of simply leaving it so that the plaintiff might subsequently sell it, he assumed authority in himself to sell it to the defendant, who bought it and paid in cash and otherwise the full purchase price fixed by Spencer, without any knowledge of his want of authority.

Spencer was himself a dealer in pianos and musical instruments, and upon the very day when he made the arrangement with the plaintiff to take one of his (plaintiff's) pianos to the defendant's house, he had seen the defendant and attempted to sell him one of his pianos.

Upon the question of Spencer's authority as an agent the presiding justice instructed the jury as follows : " The mere fact that Spencer had possession of that piano and sold it to the defendant, even as the defendant says, Heath's name not having been mentioned to the defendant, would not necessarily give a title to the defendant. To illustrate : Suppose you are a livery stable keeper and you let a man have a horse to go from here to Portland. You let him have that horse but it is for a special purpose to go from here to Portland. He meets a man on the road and asks him what he will give him for the horse, and they dicker and finally the man whom he meets buys that horse for $125. You do not suppose that would divest you of the title as a livery stable keeper; because you never have given authority to that man to sell it. You gave authority to that man to drive to Portland and back, and if any man was foolish enough to buy that horse of that man, he will have to stand his chances. I give you this as an illustration. It may be an extreme illustration. Now, if a party allows another to take a piano and go into the country to leave it, and that party who takes it sells it and there is not any authority for that sale, then whoever purchases it in the country, or wherever it is left, or on the way, can obtain no greater title than the party has who sells it. So it comes back to the question of whether this man Heath, the plaintiff in this case, ever authorized Spencer to so deal with that property in the way of a sale of it as to constitute him an agent for that purpose."

While these instructions were technically correct, so far as they go, we do not think that they were adequate in view of the defendant's position, and we fear that the illustration given was so extreme as to be misleading.

A principal is not only bound by the acts of his agent, whether general or special, within the authority which he has actually

given him, but he is also bound by his agent's acts within the apparent authority which the principal himself knowingly permits his agent to assume, or which he holds the agent out to the public as possessing. Am. & Eng. Encyl. of Law, 2 Ed. Vol. 1, page 969, and cases cited.

Whether or not a principal is bound by the acts of his agent, when dealing with a third person who does not know the extent of his authority, depends, not so much upon the actual authority given or intended to be given by the principal, as upon the question, what did such third person, dealing with the agent, believe and have a right to believe as to the agent's authority, from the acts of the principal. *Griggs* v. *Selden,* 58 Vt. 561; *Towle* v. *Leavitt,* 23 N. H. 360; (55 Am. Dec. 195); *Walsh* v. *Hartford Ins. Co.* 73 N. Y. 5.

For instance, if a person should send a commodity to a store or warehouse where it is the ordinary business to sell articles of the same nature, would not a jury be justified in coming to the conclusion that, at least, the owner had by his own act invested the person with whom the article was intrusted, with an apparent authority which would protect an innocent purchaser?

In *Pickering* v. *Busk,* 15 East, 43, quoted by MELLEN, C. J., in *Parsons* v. *Webb,* 8 Maine, 38, Lord Ellenborough says: "Where the commodity is sent in such a way, and to such a place as to exhibit an apparent purpose of sale, the principal will be bound and the purchaser safe."

Let us apply this principle to the present case. Spencer was a dealer in pianos. Immediately before this transaction he had been trying to sell a piano to the defendant. There was evidence tending to show that the plaintiff knew these facts. With this knowledge he intrusted the possession of this piano with Spencer for the purpose of its being taken by Spencer to the defendant's house with a view to its sale. Spencer was not acting merely as a bailee; he did not personally take the piano to the defendant's house, but had it done by a truckman or expressman; Spencer was employed for some other purpose. Whatever may have been the private arrangement between the plaintiff and Spencer, or the limit of

authority given by the plaintiff, would not a jury have been warranted in coming to the conclusion that the purchaser was justified in believing, in view of all of these facts, that Spencer had authority to sell, and that the plaintiff knowingly placed Spencer in a position where he could assume this apparent authority to the injury of the defendant? We think that a jury might have properly come to such a conclusion, and that consequently the instructions were inadequate in this respect, that it was nowhere explained to the jury that a principal might be bound by the acts of an agent, not within his actual authority, but within the apparent authority which the principal had knowingly and by his own acts permitted the agent to assume.

*Exceptions sustained.*