## W. G. LOW v. S. P. MOORE.

Decided February 18, 1903.

**1.—Purchase from Agent—Notice—Valuable Consideration.**

One who has entrusted personal property to an agent with power to sell may recover it, or damages for its conversion, from one who bought of the agent without notice of the principal's rights, where the only consideration of such sale was a previous indebtedness of the agent to the purchaser.

**2.—Practice on Appeal—Remand.**

Reversing a judgment for defendant in a suit for conversion of personal property, the appellate court will remand, and not render, where the evidence leaves a question as to the value of the property or the damages for its detention in any doubt.

Appeal from the County Court of McCulloch. Tried below before Hon. Joe A. Adkins.

Low sued Moore in justice court. On appeal to county court defendant had judgment and plaintiff appealed.

*T. C. Wilkinson* and *Shropshire & Hughes,* for appellant.

*W. E. Adkins* and *W. McShan,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—Appellant brought this suit in the justice court for the conversion of a buggy, and sought judgment, either for the possession of the buggy and damages for its detention, or for its value with interest.

Upon appeal to the county court a jury trial was had, and from a verdict and judgment in favor of the defendant, this appeal is prosecuted.

The following facts were shown: Appellant was living at Brownwood, Texas, and engaged one W. C. Hildebrand, who lived at Brady, Texas, to act as his agent in the sale of some buggies. The following agreement was executed:

"Brownwood, Texas, May 15, 1902.—I, W. G. Low, this day agree to furnish W. C. Hildebrand a few jobs of spring work and wagons as long as satisfactory, with the express understanding that he sell them at Brady, Texas, and gives the said W. G. Low a note with lien on said vehicles with 10 per cent interest and approved by W. D. Carothers, Brady, Texas, payable in cash or note not later than October 1, 1902, with 10 per cent add to wagon sale above invoice price; 20 per cent above invoice price of spring vehicles. The above 10 per cent and 20 per cent to be applied to the credit of W. C. Hildebrand when collected by said W. G. Low. (Signed) W. C. Hildebrand."

Under this contract, Hildebrand took the buggy in question to Brady, Texas, and left it in the livery stable of appellee. Hildebrand owed appellee about $160 on account, and appellee, not knowing of the agency, but supposing Hildebrand to be the owner of the buggy, bought it from

him at an agreed price of $87.50, and paid for it by crediting Hildebrand's account with that amount, to which arrangement Hildebrand agreed. Appellant Low ascertained these facts and demanded possession of the buggy, and upon being refused, brought this suit to recover it.

The only pleadings of the defendant were a general denial and a special plea alleging a purchase for value in good faith from Hildebrand, and without knowledge of any title or claim on the part of appellant.

The court charged the jury as follows:

"That where a principal intrusts the possession of his goods with an agent, and a person deals with an agent as the principal, without knowledge of the agency, he may set off any claim he has against the agent before he is undeceived, in answer to the demand of the principal; and in this case, if you believe from the evidence that W. C. Hildebrand was the agent of the plaintiff, W. G. Low, and that said Low intrusted his goods with said Hildebrand, and that the defendant S. P. Moore purchased the buggy involved in this suit from said W. C. Hildebrand, not knowing that he, the said Hildebrand, was the agent of this plaintiff, then the defendant Moore would have a right to offset any claim he had against said Hildebrand in payment of said buggy.

"You are instructed that in order to constitute a contract, it is necessary that the minds of the two parties must come together and agree upon all the terms and considerations of the 'contract. A principal is liable for the acts of his agent done within the scope of his employment. An agent, notwithstanding private instructions, may, within the limits of his agency, bind his principal, unless the person or party dealing with the agent knew of such instructions. If either party must suffer from the acts of an agent, it must be the party whose agent he is. If you believe from the evidence that W. C. Hildebrand, acting as agent for plaintiff W. G. Low, sold and delivered to defendant S. P. Moore the buggy in controversy, and that said defendant Moore knew at the time of such sale that W. C. Hildebrand was the agent of W. G. Low, and that said buggy was the property of W. G. Low, the plaintiff herein, then in that event you will find for the plaintiff the value of same, and the reasonable hire of same, per day, from the 19th day of June, A. D. 1902."

Appellant's first assignment of error assails that portion of the charge which authorizes the jury to offset plaintiff's claim with the indebtedness owing by the agent to the defendant, and this assignment is sustained.

The propositions of law stated in the charge are correct, and are supported by abundant authority, in cases where they are applicable, but they do not apply to the facts of this case. If an agent enters into a contract as though made for himself and the existence of a principal is not disclosed, the principal may generally enforce the contract; and if he does so and assumes the benefits of the contract, if the agent has been invested with the indicia of ownership, the principal must take the burdens, as well as the benefits of the contract. He must, in such

case, take the contract subject to all the equities existing between the third party and the agent.

These principles, however, are subject to the further rule that the principal may recover his own property or its value, from third persons, when it has been transferred or disposed of by an agent contrary to his instructions or duty; and to defeat the operation of this rule, the purchaser must show two things: (1) That the principal has invested the agent with the indicia of title to the property or authority to make such disposition; and (2) that he bought the property in good faith without notice, and paid a valuable consideration.

It has been held in some cases that the mere possession of property, by whatever means obtained, is not a sufficient indication of ownership to create any rights in favor of a third person purchasing the property, and it is suggested that the principal or owner must do something more than merely deliver the possession of the property to the agent before he can be prejudiced by an unauthorized sale by the agent. The facts in this case, however, do go a step further than the mere delivery of possession to the agent; and it might possibly be said that the agent was invested with the indicia of ownership.

But the second requirement is not met. The appellee in this case did not pay anything which is in law deemed of value when he purchased the buggy. As said in Barnard v. Campbell, 55 N. Y., 456, the purchaser "must have acted and parted with value upon the faith of such apparent ownership or authority, so that he will be the loser if the appearances to which he trusted are not real."

A purchaser who simply credits the price upon a pre-existing indebtedness, does not part with anything of value. Overstreet v. Manning, 67 Texas, 657; McKamy v. Thorp, 61 Texas, 648. Hence, the rule has been established that, "where an agent, as such, having a general authority to sell, transfers his principal's goods to a third party in payment of his (the agent's) debt, the principal may, as a general rule, recover from the third party the goods so transferred, or the value thereof." 1 Am. and Eng. Enc. of Law, 2 ed., 1174.

Many authorities are cited in support of this rule, among others, the case of Warner v. Martin, by the Supreme Court of the United States (11 How., 224), in which it is said: "A factor or agent who has power to sell the produce of his principal has no power to affect the property by tortiously pledging it as a security or satisfaction for a debt of his own, and it is of no consequence that the pledgee is ignorant of the factor's not being the owner. When goods are so pledged or disposed of, the principal may recover them back by an action of trover against the pawnee, without tendering to the factor what may be due to him, and without any tender to the pawnee for which the goods were pledged, or without any demand for such goods; and it is no excuse that the pawnee was wholly ignorant that he who held the goods held them as a mere agent or factor."

So in the case of Rodick v. Coburn, 68 Me., 170, it is said: "If the

owner of an article of personal property delivers it to another to sell, the latter has no right to deliver it to his creditor in payment of his own pre-existing debt; and if he does so, the owner may maintain trover against the creditor without a previous demand."

Many other cases are to the same effect. We are therefore of the opinion that, under the evidence in this case, the court should have instructed the jury to find for the plaintiff, leaving them only to ascertain the value of the buggy, and the damages to which plaintiff was entitled for its detention.

We are asked not only to reverse this case, but also to render judgment for appellant; but the evidence is not in such condition as to authorize us to do so. The plaintiff testified that the buggy was worth in the market from $110 to $120. It was sold, however, by Hildebrand for $87.50, and there was evidence to show that the cost price of the buggy was only $82.50. We are also unable from the record to say precisely the amount to which plaintiff would be entitled for the detention of the buggy, the only evidence being that of the defendant, who testifies that he hired out buggies at a dollar a day.

What we have said above will sufficiently indicate our views, without passing separately upon each assignment of error.

Because of the errors pointed out in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*