CHICAGO COTTAGE ORGAN CO. v. EMMA B. RISHFORTH.

AGENCY ESTABLISHED.

To establish agency, one or the other of two things must be proven—either that the agency actually existed and the agent had the authority he assumed to exercise *or* that the principal is estopped from disputing it.

John Ledyard Lincoln, for plaintiff in error.

John W. Wolfe, contra.

JELKE, J.

We incline to the opinion that where there has been an exchange of commodities, like a piano on the one hand and commissions and board on the other, not by way of barter, but on the basis of an agreed liquidated value for each respectively, so that the accounting and balance is stated by the parties in money figures, the commission and board may be treated as money, within the meaning of the word *"money"* as used in Sec. 4155-3 Rev. Stat., and its amendment in 95 O. L. 60.

We think the case of Buggy Co. v. Hord, 65 Mo. App. 41, 43, rather supports this view, and not the contention of counsel for the plaintiff in error. In that case the vendee claimed credit for some dishonored acceptances of his own, still in the hands of the vendor, and the court said that as between vendor and vendee they could not be treated as money; "this equity is available to the vendee only when by the omission of such entry he is in danger of suffering substantial injury."

We do not think it is safe to follow analogies taken from the law of descent and distribution, because the body of the law on that subject has an origin, development and character of its own.

We do not, however, decide this proposition generally, because it is not necessary to a review of this case. We are of the opinion that to the extent that, in their subsequent compromise and settlement of December 8, 1898, the parties reduced their conflicting claims to a balance

of an account, stated in money denomination, it must, for a determination of their rights under the law, be treated as *"money."*

This brings us, naturally, to the consideration of the other alleged errors.

If the parties are to be bound by what they did on December 8, 1898, so that Mrs. Rishforth can claim credit as for money paid, the Chicago Cottage Organ Company is entitled to hold her to the express contract as then entered into by them, that is, a contract of mortgage, and not conditional sale. But she says, being alive, from experience, to the distinction between chattel mortgages and conditional sales, she secured certain parol modifications of the written contract from agents Price and Van Fossen. These oral charges are in direct contradiction to the writing. If it was within the scope of Price and Van Fossen's agency to so modify, by parol, the written contract, of course their modifications bind the company. The scope of their agency is a question of fact to be found by the jury, under proper instructions from the court.

On this subject the court below charged as follows:

"There has been some controversy about the authority of the agents of the Chicago Cottage Organ Co. The agents of the Chicago Cottage Organ Co. would bind such company for any act or promise or contract made by such agent with the defendant which was either within the actual scope of his authority, or such authority as the defendant, Mrs. Rishforth, acting as a prudent person under the circumstances, would reasonably believe such agent to possess. The written contracts or papers between the company and defendant are not conclusive upon such agent's authority, but they, together with all the other facts and circumstances, should be taken into consideration by the jury for the purpose of determining what was the actual scope of the authority of such agent; or with the notice, if any, that she received thereby, would she, acting as a prudent person, reasonably believe such agent to possess such authority under the circumstances."

This charge is essentially erroneous. It must never be forgotten that there can be no such a thing as an agent without a principal.

The facts and circumstances which justify an ordinarily prudent person in believing in the existence of a sufficient agency must be facts and circumstances for which the principal is responsible. The *indicia* of authority must be at least by the permission of the principal.

It is true that, on account of the remoteness of the principal and the great show of business surrounding the agent, much has been read into the authority of agents, for the protection of the innocent public, and very slender evidence has at times been held sufficient to trace home

authority; but the fundamental principle must not and cannot be lost sight of. The umbilical cord must be there.

On account of a tendency to obscure this principle in some cases, courts and writers of high authority have recently been emphasizing it.

The principle is correctly stated in an article by John S. Ewart, in the Harvard Law Review for January, Vol. 16, p. 187:

"Where a principal has by his voluntary act placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in presuming that such agent has authority to perform a particular act and therefore deals with the agent, the principal is estopped as against such third person from denying the agent's work.

"The important question is: What did such third person believe and have a right to believe as to the agent, from the acts of the principal? Johnson v. Investment Co., 64 N. W. Rep. 1100 [46 Neb. 480]; approved in Holt v. Schneider, 77 N. W. Rep. 1086 [57 Neb. 523]; Heath v. Stoddard, 40 Atl. Rep. 547 [91 Me. 499].

"As Lord Cranworth says: 'You prove one thing or the other— you must show that the agency did exist and that the agent had the authority he assumed to exercise, or otherwise that the principal is estopped from disputing it.' Pole v. Leask, 33 L. J. Ch. 162."

Its last and highest expression is by the United States Supreme Court, in the case of Northern Assurance Co. v. Grand View Building Assn., 183 U. S. 308 [22 S. Ct. Rep. 133], decision rendered January 6, 1902.

The other errors complained of as to the admission of testimony offered by the agents are determined by the same principle.

Judgment reversed.

---

## REFORMATION OF INSTRUMENTS.
[Hamilton (1st) Circuit Court, 1902.]
Swing, Giffen and Jelke, JJ.
### GERMAN NATIONAL BANK v. BODE, GUARDIAN.

1. DESCRIPTION IN MORTGAGE WILL NOT BE REFORMED IF TO THE PREJUDICE OF CREDITORS WITHOUT NOTICE OF THE MISTAKE.

   A court of equity will not reform the description in a mortgage where the practical effect of such an act will be the creation of a new mortgage against specific property; upon the faith of the freedom from encumbrance of which credit has been extended to the mortgagor by a person having no notice of any mistake in such mortgage.

2. REVIVOR CAN BE HAD ON CROSS-PETITION, WHEN.

   If a revivor be necessary in a case where a court of equity has acquired juris-