Texas & Pacific Railway Company v. W. E. Barrow.

Decided November 28, 1903.

**1.—Railroads—Supplying Freight Cars—Penalty.**
The statute providing a penalty for the failure of a railway company to furnish a shipper with cars after written demand made therefor does not apply where cars of a particular kind are demanded, such as stable cars for the shipment of cattle. Rev. Stats., arts. 4497-4500.

**2.—Same—Redress in Damages, Not Penalty.**
Where the shipper demands cars of a particular kind, such as stable cars, he requires of the carrier a duty not imposed by the statute, for a violation of which he must look for redress to an action of damages upon his contract, and not to one to recover the statutory penalty, unless he shows affirmatively that no other cars would be proper or suitable for such freight as he desired to ship.

**3.—Same—Agreement to Furnish—Penalty.**
The shipper's demand being for stable cars, not shown to be the only kind suitable and proper for the freight to be shipped, the fact that the carrier agreed to furnish stable cars did not render it liable to the statutory penalty for a failure to do so, but to damages for breach of the contract.

**4.—Same—Written Order—Oral Charge.**
Where the shipper made written demand for stable cars, but afterwards orally agreed with the railroad agent to accept cars of any kind, this did not entitle him to recover the statutory penalty for failure to furnish the cars, the oral agreement not being such a written demand as the statute requires.

Appeal from the District Court of Nolan. Tried below before Hon. James L. Shepherd.

*J. M. Wagstaff,* for appellant.

*Ragland & Crane,* for appellee.

SPEER, Associate Justice.—On the morning of December 1, 1902, appellee delivered to one W. E. Feaster, agent for the appellant at Sweetwater, Texas, the following requisition for cars, viz: "The T. & P. Ry. Co. W. E. Feaster, agent at Sweetwater, Texas, on November 20th I put in requisition for 12 cattle cars to be delivered to me at Sweetwater, Texas, on your road, on November 28th, for about the last week I have made almost daily inquiries about the delivery of these cars, and they have not been forthcoming. I now formally repeat that requisition for 10 stable cars to be delivered at Sweetwater, Texas, station for my use on Wednesday Dec., 3, to be used by me for the shipment of cattle within 48 hours of their delivery, and which cars are to be routed over your line to Fort Worth, and from Fort Worth via the M. K. & T. Ry. of Texas and the M. K. & T. Ry. to Kansas City, Mo. and St. Louis, Mo. I herewith tender to you ¼ or 25 per cent of the estimated freight rate for said cars as quoted by you to wit, the sum of $21.50 per car, and you are notified that I shall expect to insist on my legal rights and damages in case of noncompliance with this request. Respectfully, W. E. Barrow."

At the time of making this demand appellee had on hand ready to be shipped a sufficient number of cattle to load the cars ordered, but the

cars were not furnished to him until December 12th, and only then after he had made a trip to Fort Worth, in his search for cars, and had, on December 3d, notified appellant's agent that he would accept any kind of suitable cars to be routed over any road, and that such cars could be had from the Chicago, Rock Island & Texas Railway Company at Fort Worth. It was to recover a penalty under the statute for this delay that this suit was instituted. The trial, which was before the District Judge without the intervention of a jury, resulted in a judgment for appellee in the sum of $2000.

Appellant insists that its general and special exceptions to the petition should have been sustained because the same showed on its face that stable cars were ordered, and the law does not require railway companies to furnish stable cars, and does not authorize the recovery of a penalty for a failure to furnish stable cars. We would sustain the assignments presenting this question, were it not for the further allegations in appellee's pleadings that the stable cars as required by his demand were and are the only suitable and proper kind of cars for the transportation of cattle, and are the only kind ordinarily used by appellant for such purpose. For we are of the opinion that railway companies are not required by the terms of the statute to furnish any particular kind of car to a shipper of cattle, simply because such shipper may demand it. The statutes bearing upon the question are as follows: "When the owner, manager or shipper of any freight of any kind shall make application in writing to any superintendent, agent or other person in charge of transportation, to any railway company, receiver or trustee operating a line of railway at the point the cars are desired upon which to ship any freight, it shall be the duty of such railway company, receiver, trustee or other person in charge thereof, to supply the number of cars so required, at the point indicated in the application within a reasonable time thereafter, not to exceed six days from the receipt of such application, and shall supply such cars to the persons so applying therefor in the order in which such applications are made, without giving preference to any person; provided, if the application be for ten cars or less, the same shall be furnished in three days; and provided further, that if the application be for fifty cars or more, the railway company may have ten full days in which to supply the cars." Sayles Civ. Stats., art. 4497.

Art. 4498: "Said application for cars shall state the number of cars desired, the place at which they are desired and the time they are desired; provided that the place designated shall be at some station or switch on the railroad."

"Art. 4499: When cars are applied for under the provisions of this chapter, if they are not furnished the railway company so failing to furnish them shall forfeit to the party or parties so applying for them the sum of twenty-five dollars per day for each car failed to be furnished, to be recovered in any court of competent jurisdiction, and all actual damages that such applicant may sustain."

"Art. 4500: Such applicant shall, at the time of applying for such car

or cars, deposit with the agent of such company one-fourth of the amount of the freight charge for the use of such cars, unless the said road shall agree to deliver said cars without such deposit. And such applicant shall, within forty-eight hours after such car or cars have been delivered and placed as hereinbefore provided, fully load the same, and upon failure to do so, he shall forfeit and pay to the company the sum of twenty-five dollars for each car not used; provided, that where applications are made on several days all of which are filled upon the same day, the applicant shall have forty-eight hours to load the car or cars furnished on the first application, and the next forty-eight hours to load the car or cars furnished on the next application, and so on; and the penalty prescribed shall not accrue as to any car or lot of cars applied for on any one day, until the period within which they may be loaded has expired. And if the said applicant shall not use such cars so ordered by him, and shall so notify the said company or its agent, he shall forfeit and pay to the said railroad company, in addition to the penalty herein prescribed, the actual damages that such company may sustain by the said failure of the applicant to use said cars."

It will thus be seen that no particular kind of car is prescribed by the statute, and we think the only requirement in this respect that can be lawfully imposed by a shipper, is that the cars furnished should be reasonably suited to the purposes intended. But when appellee demanded of appellant stable cars he required of it a duty not imposed by the statute, for a violation of which he must look for redress to an action upon his contract, and not to one for the recovery of the penalty denounced above, unless he shows affirmatively that no other cars would be proper or suitable for the transportation of such freight as he desired to ship. Austin & N. Ry. Co. v. Slator, 7 Texas Civ. App., 344, 26 S. W. Rep., 233. It has often been held that statutes of the character of the one under consideration should receive a strict construction, and that before a party can avail himself of their benefits he must bring himself clearly within their terms. Houston E. & W. T. Ry. Co. v. Campbell, 91 Texas, 551, 45 S. W. Rep., 2.

Recurring to the issue made by appellee's allegations that stable cars are the only suitable and proper kind of cars for the transportation of cattle, we find that the evidence wholly fails to establish such allegation, but on the contrary shows that there were other cars which were used and were suitable for the shipment of cattle.

If it be contended, though disavowed by counsel for appellee in his oral presentation of the case, that appellant made a binding contract to deliver to appellee stable cars, the right to recover the penalty is imposed for a violation of the statute and not for the violation of a contract. If a special contract should operate in this manner upon one feature of the statute, no reason is apparent why it should not do so upon any or all. So that if a railway company were to contract to deliver a hundred stable cars at a point other than required by law within twenty-four hours, it

would be liable in a penalty for breach of such contract—a result clearly not within the statute and evidently not contemplated by it.

The fact that appellee modified his written demand by agreeing with appellant's agent to accept any kind of suitable cars, can not help his case, because the demand, a disobedience of which brings upon a company the penalty, must be a written demand, and an oral agreement modifying a written demand is not itself a written demand. Such agreement upon the part of appellee rather accentuates the view that he understood that stable cars only could be furnished to him under his former demand, and is contrary to his contention here that appellant could and should have supplied him with any other cars that were suitable. But we do not believe such duty devolved upon the company. The company was not called upon to furnish any suitable cars, but a particular kind of suitable cars, and by the terms of the demand had no right to expect that any other kind than those demanded would be received. The parties are at liberty to make any contract they see fit to make respecting the kind of cars to be used in shipping, but they can not make one imposing duties different from those imposed by statute, and then for a breach of it claim the penalty prescribed for a breach of the statutory defined duties.

We are of opinion the judgment should be reversed and here rendered for the appellant, and it is accordingly so ordered.

*Reversed and rendered.*

Writ of error refused.