## J. C. DAVIS v. PULLMAN COMPANY.

### Decided February 24, 1904.

**1.—Judgment Non Obstante Veredicto.**

The court has no right to enter a judgment non obstante veredicto in favor of a plaintiff against a defendant who has obtained a favorable verdict, upon a verdict rendered against his codefendant. Questioned whether, in this State, the trial court can enter a judgment non obstante veredicto in any case.

**2.—Guaranty Companies—Refusal to Act as Surety—Penalty.**

The law providing that guaranty companies shall be liable to a five hundred dollar penalty in case they fail to give, upon request of the person for whom they have refused any longer to be surety, a written statement showing the reason for their action (Acts of 1897, chap. 165, sec. 10), applies alone to guaranty companies and can not be extended to include other corporations though they be agents for such companies.

**3.—Same—Recovery of Penalty.**

The penalty denounced by section 9 of chapter 165 of the Acts of 1897, against one accepting as surety a guaranty company which has not obtained authority to do business in the State, can only be recovered by a suit in the name of the State.

**4.—Guaranty Company—Agent.**

Section 8 of chapter 165, Acts of 1897, does not, by making the person soliciting business for a guaranty company the agent of that company, make him liable for the company's acts, nor for acts of his own which would not be actionable if done by the guaranty company.

**5.—Agent—Penalty.**

Evidence considered and held not to show defendant, the Pullman Company, as agent of a guaranty company, liable to plaintiff in penalty as provided by section 10, chapter 165, of the Acts of 1897.

**6.—Statement of Facts—Stenographer's Notes.**

Plaintiff can not complain of the refusal of the court to grant his motion to require the stenographer to transcribe his stenographic notes of the testimony taken upon the trial, where a statement of facts was agreed to by attorneys for plaintiff and defendant and approved by the judge.

Appeal from the District Court of Bexar. Tried below before Hon. S. J. Brooks.

*J. D. Childs,* for appellant.

*J. D. Guinn,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellant against the United States Guaranty Company and the Pullman Company, foreign corporations, to recover a penalty of $500 alleged to have been incurred by defendant and damages claimed to have been sustained by plaintiff, under the provisions of sections 8, 9 and 10, chapter 165, of the regular session of the Twenty-fifth Legislature. Acts of 1897, p. 247.

It was alleged by plaintiff that on the 1st day of September, 1898, and subsequent thereto, the United States Guaranty Company was illegally doing business in the State, without a permit from the State, through and by its agent, the Pullman Palace Car Company, which had a permit to do business in this State; that the last named company was

the agent of the guaranty company in taking, receiving and transmitting applications of Pullman conductors for bond or security with said guaranty company; that it received and transmitted the application of plaintiff for a $500 bond for and to the United States Guaranty Company, and thereby became and was the agent of said company and subject to all liabilities and penalties prescribed by sections 8, 9 and 10 of said Act of 1897. That on October 7, 1898, plaintiff applied to the Pullman Company for employment as a conductor on the cars of the company, was employed as such, and at the same time was bonded and guaranteed in the sum of $500 in the guaranty company, having made application for the bond through the Pullman Company, who was then the agent of the guaranty company; that plaintiff paid to the last named company, through its said agent, the sum of $5 in full payment for one year for the privilege of being bonded in said company in accordance with the rules and regulations of defendant corporations, and was thereafter regularly engaged and employed in the service of the Pullman Company upon the strength of his bond executed by the guaranty company, and accepted by his employer, the Pullman Company.

That plaintiff made a trial trip from the city of San Antonio to the City of Mexico between October 7 and 12, 1898, and thereafter continued in the service of the Pullman Company in the capacity of conductor until November 29, 1898, when he resigned his position at the request of said company, for the reason that the guaranty company would no longer stand as guarantor or security to the Pullman Company for his fidelity upon said bond of $500.

That afterwards on the 22d day of February, 1899, the United States Guaranty Company, upon being demanded and requested by plaintiff as required by law for a statement of the facts on which its action in refusing to longer guarantee or be security for plaintiff's fidelity, failed and refused to furnish him such written statement and information, as required by law, within thirty days after said demand and request. The plaintiff prayed judgment against both defendants for the $500 penalty prescribed by the act of the Legislature upon which this action was brought, and for $10,000 additional damages.

The United States Guaranty Company never answered nor in any way appeared in this case. If it knew of or was in any way charged with notice of the proceedings against it, it utterly ignored them. The Pullman Company answered by general and special exceptions, a general denial, a special denial of its agency or authority to act in any way for the guaranty company, of any liability, statutory or otherwise, for any wrongs or injuries that may have been done to plaintiff by its codefendant.

The case was tried before a jury who returned the following verdict: "We the jury find for the plaintiff the sum of five dollars against the Pullman Car Company, and we find judgment for the plaintiff against the United States Guaranty Company for the sum of $500 as penalty,

and $735 damages for cancellation of bond." Judgment was entered by the court in accordance with this verdict. A motion was then made by plaintiff to enter judgment against the Pullman Company for $1235 upon the verdict of the jury against the United States Guaranty Company. The court's refusal to enter such judgment non obstante veredicto is made the basis of appellant's first assignment of error. This complaint is the burden of plaintiff's song—the head and front of the court's offending. In jurisdictions where the practice obtains of entering judgment non obstante veredicto, the general rule is that a motion by the plaintiff to enter such a judgment will only be entertained when the verdict is for the defendant upon facts that present no defense. Brown v. Rentfro, 57 Texas, 332; Templeman v. Gibbs, 25 S. W. Rep., 736. No case can be found anywhere where such a judgment has ever been entered in favor of the plaintiff against a defendant who has obtained a favorable verdict upon a verdict rendered against his codefendant. Had the United States Guaranty Company been before the court, after the verdict was rendered against it there would have been as much reason for the court's entertaining a motion to enter a judgment in its favor upon the verdict rendered in favor of the Pullman Company, notwithstanding the verdict of the jury, as there would be in rendering such judgment as was asked for by appellant in its motion. But in this State it may be doubted whether the trial court can in any case enter judgment non obstante veredicto. In Texas it is made the duty of the court to enter its judgment in conformity with the verdict, whether it be correct or not, and whether the error in the verdict, if there be any, arose from erroneous instructions or rulings by the court or from a misinterpretation of the evidence by the jury. Art. 1335, Rev. Stats.; Houston & T. C. Ry. Co. v. Strycharski, 92 Texas, 10; Henne v. Moultrie, 97 Texas, 216, 8 Texas Ct. Rep., 759, 77 S. W. Rep., 608.

Appellant's second assignment of error is as follows: "The court erred in the charge in limiting the recovery of plaintiff to $5 as against the defendant Pullman Company, because the Pullman Company and its joint tort feasor, the United States Guaranty Company, defendant, were liable for all the penalties as charged by plaintiff for defamation of character, libel, the blacklisting of said plaintiff, as well as of actual damages."

Sections 9 and 10, upon which appellant relies to sustain this action, are as follows:

"Sec. 9. Any person, association of persons or corporations, who shall accept any corporation created for the purposes, or either of them, mentined in section 1 of this act, without such corporation having previously complied with the provisions and requirements of this act, and having received from the Commissioner of Agriculture, Insurance, Statistics and History the certificate of authority provided for in this act, shall

forfeit as a penalty the sum of five hundred dollars, to be recovered by suit in the name of the State in any court of competent jurisdiction.

"Sec. 10. When any corporation shall cancel a bond of guaranty or indemnity, or shall notify the employer of the person whose fidelity is guaranteed, that said·corporation will no longer guarantee or be security for the fidelity of said person, or when said corporation has once guaranteed the fidelity of any person, or acted as security therefor, and on application refuses to do so again, it shall furnish to such person a full statement in writing of the facts on which the action of the corporation is based, and if such action be based in whole or in part on information, all such information; and any such corporation failing or·refusing to furnish any ˙such written statement within thirty days after a request therefor, shall be liable to such person injured in the sum of five hundred dollars, in addition to all other damages caused thereby which˙ may be sued for and recovered in any court of competent jurisdiction." General Laws of 1897, p. 247.

Statutes of this character are in their nature penal, and to recover the penalty denounced, the case must come within the very terms of the statute. Houston E. & W. T. Ry. Co. v. Campbell, 91 Texas, 557; 43 Law. Rep. Ann., 230; Texas & P. Ry. Co. v. Barrow, 2 Texas Law Journal, 28, 77 S. W. Rep., 643; Schloss v. Railway Co., 85 Texas, 601, and cases there cited. It will be observed from reading the sections of the statute quoted that the penalty denounced by section 10 is against corporations engaged in the business of becoming security on bonds, undertakings, recognizances, and other obligations required or permitted by law * * * to be made, given, tendered, or filed with surety or sureties, etc. It has no application whatever to individuals or corporations engaged in other business than becoming surety on bonds, undertakings, etc., and can not be extended by judicial construction to any persons or corporations not embraced in section one of said act, even though a person or another corporation may be the agent of a surety or guaranty company.

The penalty denounced in section 9 of the act can only be recovered by a suit in the name of the State in a court of competent jurisdiction. The purpose of that section is to aid the State in enforcing the provisions of the act by punishing any person, association of persons, or corporations who shall accept as security any corporation created for the purposes mentioned in section 1 of such act, which has not complied with the laws of. this State.

· Section 8 of the act under consideration is as follows:

"Sec. 8. Any person who solicits business for or on behalf of such corporation, or makes or transmits for any person other than himself, any application for guaranty or security, or who advertises or otherwise gives notice that he will receive or transmit same, or who shall receive

or transmit same, or who shall receive or deliver a contract of guaranty or security, or who shall examine or investigate the character of any applicant for guaranty or security than himself, or who shall refer any applicant for guaranty or security to such corporations, whether any of said acts shall be done at the instance and request, or by the employment of such corporation, or other corporation or person, or any person who shall issue indemnifying bonds or contracts, whose solvency and compliance with his said bonds or obligations is guaranteed directly or indirectly by any corporation, shall be held to be the agent of such corporation so far as relates to all the liabilities and penalties prescribed by this act."

It can not be held that by using the language "shall be held to be the agent of such corporation so far as relates to all the liabilities and penalties prescribed by this act," the appellee became liable to appellant for the penalties prescribed in the susequent sections of the act; for there was no act done by the Pullman Company which, if done by the guaranty company, would have subjected it to any penalty or liability prescribed by any subsequent section of the act under consideration. This differentiates the act upon which this action is based from the Act of 1879 in relation to insurance companies as construed by the Supreme Court in Hartford Fire Ins. Co. v. Walker, 94 Texas, 473.

Besides there is no evidence tending to show that the Pullman Company ever in the State of Texas solicited business for or on behalf of the United States Guaranty Company, or made or transmitted for any person other than itself any application for guaranty or security, or that it ever advertised or otherwise gave notice that it would receive or transmit same, in or from this State, or that it ever received or transmitted same, or that it ever received or delivered a contract of guaranty or security in this State, or that it ever examined or investigated in this State the character of any application for guaranty or security than for itself, or that it ever in this State referred any applicant for guaranty or security than for itself. Nor is there a particle of evidence tending to show that the United States Guaranty Company ever executed a bond of guaranty or indemnity for the appellant or that it ever canceled such bond or guaranty. Therefore, whatever construction be given the statutes under consideration, no liability of appellee is shown to appellant under the statute. Outside of the statute no liability is claimed or attempted to be shown against the appellee, further than the $5 recovered. Therefore, the court did not err in the charge complained of by this assignment.

Since a full statement of facts was made out and agreed to by the attorneys for plaintiff and defendant, Pullman Company, and approved by the court, it does not appear that appellant was in any way prejudiced by the refusal of the court to grant his motion to require the stenog-

rapher to transcribe his stenographic notes of the testimony taken upon the trial.

There is no error in the judgment appealed from, so far as it affects the appellant, which requires its reversal. Therefore the judgment, so far as it is involved in this appeal, is affirmed.

*Affirmed.*

Writ of error refused.