POSEY v. ADAM SCHAAF CO. (No. 5670.)

(Court of Civil Appeals of Texas. Austin. Oct. 18, 1916. On Motion for Rehearing, Nov. 22, 1916.)

1. PRINCIPAL AND AGENT ⟐103(7)—AUTHORITY OF AGENT — SALE — BONA FIDE PURCHASER.

Where plaintiff, the manufacturer of pianos, shipped them on consignment to an agent, authorizing him to sell for cash or on credit, reserving only the right to retake possession, if he failed to sell in 90 days or to pay the invoice price, a purchaser for value without notice of the principal's rights obtained title as against the principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 283½; Dec. Dig. ⟐103(7).]

2. PRINCIPAL AND AGENT ⟐103(7)—AUTHORITY OF AGENT—BONA FIDE PURCHASER—CONSIDERATION.

In such case the consideration paid need only be valuable, and not necessarily adequate, so that a purchaser's release of a mortgage on a piano executed to him by the agent would be a valuable consideration.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 283½; Dec. Dig. ⟐103(7).]

3. JUDGMENT ⟐199(1) — NOTWITHSTANDING VERDICT.

While the court might set aside a verdict in defendant's favor on special issues, it had no power to render judgment contrary thereto.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 367, 374, 375; Dec. Dig. ⟐ 199(1).]

Appeal from Milam County Court; John Watson, Judge.

Suit by the Adam Schaaf Company against L. H. Posey. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered for defendant.

E. A. Wallace, of Cameron, for appellant. Paul C. Greene, of Dallas, and R. B. Pool and Morrison & Lewis, all of Cameron, for appellee.

RICE, J. Appellee, alleging that he was the owner of a piano of the value of $425, together with stool, cover, and case therefor, of the aggregate value of $12.50, brought this suit to recover title and possession thereof,

alleging that appellant had, on the 26th day of February, 1915, unlawfully converted said property to appellee's damage, and likewise prayed for $100 for detention of the piano, sequestrating said property, which was duly replevied by appellant.

Answering, appellant denied appellee's ownership of the piano, as well as the value and conversion thereof, and alleged that he purchased it from J. S. Herring, the owner, for a valuable consideration, and that, if Herring was not the owner, appellee had placed the piano in his possession, permitting him to hold himself out as the owner, and authorizing him to sell the same, and that Herring had held himself out as the owner thereof free from any lien or incumbrance thereon; that he, appellant, had purchased same from Herring for a valuable consideration, in good faith, and without any knowledge or notice of any interest therein on the part of appellee by reason of which appellee was estopped from asserting ownership to same.

The case was tried on special issues, and the court rendered judgment in favor of appellee thereon, from which this appeal is prosecuted.

The facts, briefly summarized, show that in September, 1914, appellee shipped to Herring a number of pianos, including the one sued for, under a written contract requiring Herring to pay the freight thereon, authorizing him to sell the same as he saw fit, at such prices as he might place on them; that he was to pay appellee the fixed invoice price on each piano, placed at $168; that Herring's compensation was to be the difference between the invoice price and what he sold for; that all expenses in conducting the business were to be borne by Herring; that if Herring took notes for the pianos he was to guarantee payment thereof; that appellee had no right to reclaim the goods before 90 days, and then only in the event the same were unsold and in case Herring should fail to pay for them at the invoice price. The uncontradicted evidence shows that before appellant claims to have purchased the piano in question Herring mortgaged another of these pianos to him for $100 advanced by him to Herring, and that he thereafter sold the piano in question to appellant for $153.50, who in payment therefor released the $100 mortgage. The evidence further shows that, in addition thereto, he paid $17 in cash, $20 in freight, and the balance in different payments. Both before and at the time of the transaction Herring asserted ownership of the pianos, and represented that he had purchased them at wholesale, paying cash therefor, by reason of which he could sell them cheap. There was evidence that such pianos sold at retail in Cameron for $425, and the jury found its market value to be $375 at the time of the trial.

The jury, in effect, also found, in response to the special issues, that appellant had purchased the piano from Herring in good faith, for a valuable consideration, without notice of appellee's claim thereto. It is urged on the part of appellant that the court erred in rendering judgment on this verdict in favor of appellee, and in refusing to render judgment for him thereon. We agree with appellant in this contention. Under the facts and circumstances shown by this record, it is immaterial, we think, whether the contract between appellant and Herring constituted a sale of the pianos or a mere consignment for sale upon commission. In either event, in our opinion, the appellant is entitled to judgment. We are disposed to treat the transaction as one of agency, and that the pianos were consigned to Herring for the purpose of sale upon commission.

[1, 2] The law seems to be that, where an agent who is intrusted with possession of property, with authority to sell the same, makes a sale thereof to a third person for value, without notice of the claim of the principal, it is binding upon the latter. See Morris v. Sellers, 46 Tex. 391, and cases there cited; Columbus Buggy Co. v. Turley & Parker, 73 Miss. 529, 19 South. 232, 32 L. R. A. 260, 55 Am. St. Rep. 550; Parry Mfg. Co. v. Lowenberg, 88 Miss. 532, 41 South. 65; Leigh Bros. v. Mobile & Ohio R. R. Co., 58 Ala. 165; Heath v. Stoddard, 91 Me. 499, 40 Atl. 547; Chickering v. Bastress. 130 Ill. 206, 22 N. E. 542, 17 Am. St. Rep. 309; Winchester Wagon Works v. Carman, 109 Ind. 31, 9 N. E. 707, 58 Am. Rep. 382, and notes thereunder; Fitzgerald v. Fuller, 19 Hun, 180; Mechem on Agency, vol. 2, § 867; 31 Cyc. 1353, and notes thereto. And under such circumstance the consideration need only be valuable, and not necessarily adequate. See Sanger v. French Piano Co., 75 S. W. 39, and authorities there cited. The release of the mortgage, under the circumstances recited in the record, must be regarded as a valuable consideration. See same case.

In Mechem on Agency, § 867, it is said:

"And so where an agent authorized to sell and intrusted with possession of the property to be delivered upon the sale is expressly or by implication authorized or permitted to sell in his own name as though he were the owner, and makes a sale in his own name to one who does not know and has no good reason to believe that he is not the owner, a payment made to the agent or a set-off acquired against him before the principal is disclosed will be effective against the principal. An agent so situated is ostensibly the owner of the goods, and the principal who has permitted him to assume that appearance is estopped to assert his ownership as against one who has relied upon the contrary appearance."

In 31 Cyc. supra, it is stated that:

"When, however, the principal not only intrusts to the agent the possession of the property, but also clothes him with apparent ownership or power to sell, then he will not be permitted to deny the agent's authority as against third persons who have dealt with him in good faith and with reasonable prudence."

In Smith v. Clews, 114 N. Y. 194, 21 N. E. 161, 4 L. R. A. 392, 11 Am. St. Rep. 627, it is said that:

"The rightful owner may be estopped by his own acts from asserting his title. If he has invested another with the usual evidences of title, or an apparent authority to dispose of it, he will not be allowed to make a claim against an innocent purchaser dealing on the faith of such apparent ownership."

These holdings are based on the doctrine of estoppel, and seem to us well founded. In Leigh Bros. v. Mobile & Ohio R. R. Co., supra, the court states the general rule to be that:

·· "A sale or a pledge of a chattel by a person who, though he has possession, has no right of property and no authority to sell, confers no title as against the true owner, although the purchaser pays valuable consideration or advances money in good faith and without notice of the title of the true owner."

However, Mr. Chief Justice Brickell in said case, in discussing one of the exceptions to said rule, says:

"Another class of cases forming an exception to the general rule is when the owner, by his own act or consent, has given another such evidence of the right to sell, or otherwise dispose of his goods, as according to the customs of trade, or the common understanding of the world, usually accompanied the authority of sale, or of disposition. Then, if the person intrusted with the possession of the goods, and with the indicia of ownership, or of authority to sell, or otherwise dispose of them, in violation of his duty to the owner, sells to an innocent purchaser, the sale will prevail against the right of the owner. He ought to bear the loss which may follow from his misplaced confidence, rather than the bona fide purchaser, who relied on the evidence of property, or of authority with which he clothed the possessor."

In the instant case appellees, the manufacturers of the pianos, shipped them on consignment to their agent authorizing him to sell for cash or on credit, reserving only the right to retake possession in the event he failed to make a sale in 90 days, or failed to pay the invoice price thereof, not only giving possession, but actually conferring upon the agent the power of sale. The agent, under this authority, sells to a third party, without notice, for value, representing himself to be the owner. We think appellant, the purchaser, clearly obtained title as against the true owner, notwithstanding the owner may have been entitled to recover possession from the agent himself. Having intrusted him with possession and invested him with all the indicia of ownership, and with authority to sell, when the agent does the very thing he is authorized to do, is the principal not bound by the plainest dictates of honesty and fair dealing? We think so. To hold otherwise would place it within the power of the principal, who had trusted most, to affirm the conduct of the agent when advantageous to do so, and to disavow it when they regarded it to their interest to take that course.

[3] In addition to this, it is urged by appellant, that the verdict being in his favor on the special issues, it was error for the court to render judgment in favor of the appellee thereon. The court might have set aside the verdict, but had no power to render judgment contrary thereto. See Davis v. Pullman Co., 34 Tex. Civ. App. 621, 79 S. W. 636; Casey-Swasey Co. v. Fire Ass'n, 32 Tex. Civ. App. 158, 73 S. W. 865; Vernon's Revised Statutes, art. 1990; Hayes v. Stowers Furniture Co., 180 S. W. 149; Rich v. W. U. Tel. Co., 110 S. W. 95; Waller v. Liles, 96 Tex. 21, 70 S. W. 17; S. W. Tel. Co. v. James, 41 Tex. Civ. App. 560, 91 S. W. 655, 91 S. W. 654.

Believing that the court, on the verdict and the uncontradicted evidence in the record, should have rendered judgment for appellant, it becomes our duty to reverse and render the judgment in his behalf; and it is so ordered.

Reversed and rendered.

## On Motion for Rehearing.

It is earnestly insisted on the part of appellee in its motion for rehearing that the release by Posey to Herring of the $100 mortgage on the player piano did not constitute a valuable consideration for the purchase of the piano in question, since it contends that Herring, under the evidence, had no right to mortgage same in satisfaction of his own indebtedness to appellant, basing this contention on the case of Low v. Moore, 31 Tex. Civ. App. 460, 72 S. W. 421.

We think this case in its facts with reference to the authority of Herring is entirely distinct and different from the case referred to, and that under the contract between appellant and Herring, Herring was authorized to dispose of the player piano by mortgage or otherwise; but, even if it be conceded that appellee is correct in this contention, and that the release of the mortgage did not constitute a valuable consideration, still the evidence in this case is without dispute to the effect that, in addition to releasing the mortgage, at the time of the purchase by appellant from Herring of the piano in question, he paid the freight on the piano, amounting to $20, as well as the sum of $17 in cash, aggregating $37, which constituted a valuable consideration, which we do not regard as inadequate, and is of itself sufficient upon which to base the sale to appellant; for which reason the motion for rehearing is overruled.

Motion overruled.