**SALOPEK v. LOGAN et al.   (No. 1525.)**

(Court of Civil Appeals of Texas. El Paso. Nov. 28, 1923.)

1. **Principal and agent** ⬡=143(2)—**Exceptions to general rule that contract of agent may be enforced by principal, stated.**

The general rule that a contract of an agent is the contract of his principal, which the latter may enforce, does not apply to a contract for the sale of land, or one in which there is an element of personal trust and confidence involved.

2. **Principal and agent** ⬡=175(2)—**Undisclosed principal seeking to enforce agent's contract assumes its responsibilities.**

Where plaintiffs, as the undisclosed principal of an investment company, sought to avail themselves of a contract of sale of land executed by the investment company by enforcing a covenant in the contract, they thereby assumed all of its responsibilities.

3. **Principal and agent** ⬡=152(4)—**Undisclosed principal may recover property disposed of by agent without authority.**

An undisclosed principal may recover his own property or its value from third parties where it has been transferred or disposed of by the agent contrary to instructions.

4. **Cancellation of instruments** ⬡=56 — **Judgment requiring purchaser to surrender contract held unauthorized under evidence or pleadings.**

In a suit by an undisclosed principal to enforce a covenant in a contract of sale of land executed by its agent, trial court *held* not authorized under pleadings and evidence to require defendant to cancel and surrender contract between himself and plaintiff's agent.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by F. H. Logan and others against John Salopek. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Jos. U. Sweeney and W. M. Coldwell, both of El Paso, for appellant.

Winter, McBroom & Scott, of El Paso, for appellees.

HARPER, C. J. The appellees brought this suit against the appellant and for cause of action alleged: That they were the owners of the Logan Heights addition to the city of El Paso, and as owners through their agent, Anderson Investment Company, entered into a certain contract of sale with the defendant for certain lots, described, in said addition, owned by plaintiffs, and payed therefor the consideration mentioned in said contract. That in and by said contract, and as one of the stipulations and conditions of the sale, it was mutually agreed between the defendant and the said Anderson Investment Company that no dairy should be constructed or operated upon said premises and lots for 20 years without the written consent of the grantors, the breach of which condition it was provided in the contract should annul and avoid the title to said lots. That without the consent of plaintiffs, and over their protest, the defendant has breached the stipulation by constructing sheds, etc., and conducting a goat dairy thereon, and that the maintenance of said dairy constitutes a detriment and nuisance to the present owners and prospective purchasers of lots, etc. That they tender to defendant the money paid as part of the purchase price, upon his cancellation and surrendering said contract, in the event he does not desire to proceed with his contract of purchase. They pray for judgment enjoining defendant from operating the dairy or herding goats, etc.

Defendant answered by general demurrer, general denial, not guilty, and, specially, that he purchased the property for the purpose of conducting a dairy thereon, with full knowledge of the Anderson Investment Company, and further pleads that he was imposed upon by the agents of Anderson Investment Company, in that they represented to him that he could conduct a dairy upon the premises; that he was old and blind,

---

could scarcely read English; that the contract was brought to him by the agents of the Anderson Investment Company in the nighttime, and his assent and signature thereto secured, when he was ignorant of the covenant in the contract prohibiting the operation of a dairy; that he never made any contract with the plaintiffs, and thought the Anderson Investment Company owned the premises in question at all times until the institution of this suit, and did not know that they were the agents of the plaintiffs, if they were in truth such. The contract was attached to the answer, and made a part thereof.

Tried before the court without a jury. The judgment restrained the defendant from operating his dairy, and allowed defendant a certain length of time to remove his improvements from the premises, and provided that plaintiffs should pay the sum of $300 upon defendant's cancelling and surrendering the above-mentioned contract within 20 days of final determination of the cause. From which an appeal is perfected.

Defendant's proposition is:

"The contract sued upon in this case and enforced by the court was not a contract between plaintiffs and defendant, but a contract between Anderson Investment Company and defendant, and showed upon its face that it was based upon and involved elements of personal trust and confidence which defendant had in said Anderson Investment Company, and the court erred in allowing plaintiffs to sue upon and enforce said contract, even though they averred and proved that said Anderson Investment Company was the agent of plaintiffs."

The trial court made the following findings of fact pertinent to the proposition:

"That the plaintiffs were the undisclosed principals of the Anderson Investment Company." "That the defendant did not know at the time he entered into the contract sued upon * * * that the Anderson Investment Company was a mere agent," and that "he believed that it was the contract of the Anderson Investment Company at the time he entered into it."

The contract shows upon its face to be between Anderson Investment Company and John Salopek, and contains no mention of the plaintiffs nor agency.

[1] The general rule is that the contract of the agent is the contract of his principal, and the latter may enforce it by suit; but this rule has many exceptions, one of which is that class of contracts at one time required to be under seal, a contract for the sale of land. The reason is:

"The parties in such case are entitled to know with whom they are dealing."

Another exception is where there is an element of personal trust and confidence involved. 2 Mechem on Agency, §§ 267–2064;

Pancoast v. Denmore, 105 Me. 471, 75 Atl. 43, 134 Am. St. Rep. 582; 29 L. R. A. (N. S.) 472; 39 L. R. A. (N. S.) 324; Sanger v. Warren, 91 Tex. 472, 44 S. W. 477, 66 Am. St. Rep. 913; Kempner v. Dillard, 100 Tex. 505, 101 S. W. 437, 123 Am. St. Rep. 822; Donner v. Whitecotton, 201 Mo. App. 443, 212 S. W. 378.

[2-4] This suit is to enforce the covenant in the contract not to place and operate a dairy upon the premises. The trial court found that fraud was practiced upon Salopek, and that the parties perpetrating the fraud were the agents of plaintiffs and of Anderson Investment Company. When the Logans undertook to avail themselves of the benefit of this contract by enforcing the covenant they thereby assumed all of its responsibilities. Mechem on Agency, §§ 2074 and 2084; Rutherford v. Montgomery (Tex. Civ. App.) 37 S. W. 625; Low v. Moore, 31 Tex. Civ. App. 460, 72 S. W. 421. This does not, however, prevent the principal from recovering his own property or its value from third persons when it has been transferred or disposed of by an agent contrary to his instructions or duty. The court was not authorized under the pleadings and evidence in this record to require Salopek to abandon his rights, if any, under the contract between himself and the Anderson Investment Company, as was attempted in this case.

Reversed and remanded.