CHATTANOOGA FOUNDRY & PIPE WORKS V. O. J. GORMAN.

No. 308.

**1. Agent's Authority in Settlement of Debts.**

In the absence of express authority from the principal, an agent has not the power to accept in settlement of a debt due his principal an acquittance of his own individual liability to the debtor.

**2. Same—Debtor not Released, When.**

Defendant contracted for the purchase of materials from W., without knowledge that W., in selling them, was acting as agent of plaintiff, but was so apprised when the materials were shipped to him by plaintiff with drafts for acceptance for deferred payments due thereon. Defendant settled such deferred payments by discharging an indebtedness due by W. to himself, W. having no authority to make such settlement, and defendant releasing no securities in so doing. Held, that defendant's liability to plaintiff for the deferred payments was not released by the settlement.

APPEAL from Dallas.    Tried below before Hon R. E. BURKE.

*Wooten & Kimbrough*, for appellant.—1.   Where a principal makes a sale of goods to his customers through the medium of an agent or broker, which fact is well known to the purchaser, he can not settle the debt by a private arrangement with the agent by which the principal's claim is cancelled by a previous personal indebtedness of the agent to the purchaser not connected with or growing out of the business which the agent was employed to perform.   McAlpine v. Cassidy, 17 Texas, 450; Railway v. Poindexter, 70 Texas, 107; Wharton, Agencies and Agents, 723, 714; Tucker v. Hamlin, 60 Texas, 171.

2.   The judgment of the court is not supported by the evidence, is contrary to the evidence and is also contrary to the law of the case; because it is very clear from the facts in the case that Gorman all the way through knew and dealt with Williams as agent and broker for plaintiff and other factories, and that he settled with him, if at all with full knowledge of these facts.   Story on Agency, sec. 113.

*Oeland & Smith*, for appellee.—Where a principal permits his agent to sell goods as his own, and the purchaser pays for the same without any knowledge that he is dealing with an agent, the principal cannot recover the value of the goods from the purchaser.   Meachem on Agency, sec. 787, and authorities there cited.

FINLEY, ASSOCIATE JUSTICE.—This suit was instituted by the Chattanooga Foundry and Pipe Works, a corporation duly incorporated under and by virtue of the laws of the State of Tennessee, and doing business in the State of Texas by virtue of a permit from the Secretary of State, duly and legally issued.   Suit was instituted September 28, 1893, alleging an indebtedness of O. J. Gorman to plaintiff in the sum of $2108.66, being a balance due on a bill of materials, consisting of pipe, plugs and materials used in the construction of waterworks, delivered at various times from December 29, 1892, to December 31, 1892, at Groesbeck, Texas.   Attached to the petition is a full statement of each and

every item, and price of each, and the total amount of the bill and amount credited ($1000), showing $2108.66 still due and unpaid, which .amount was duly sworn to, as in the manner provided for by the statutes of Texas made and provided for the verification for proof of accounts between merchant and merchant, sworn to by M. Llewellyn, secretary of plaintiff corporation.

Defendant answered by first amended original answer, December 19, 1893; first, demurs generally to plaintiff's petition; second, denies generally; third, defendant answered specially, and says he bought the .goods set up in plaintiff's petition from one W. J. Williams, under a· written contract for the delivery of $8000 worth of goods to be delivered him by Williams, and by him to be used in the construction of the Groesbeck waterworks. That the goods were Williams' goods, and were .so credited by him, and that he settled with and fully paid Williams for all of said goods on May 10, 1893. He further plead that if the court should find the goods in fact did not belong to Williams, but to plaintiff, in that event Williams was the duly authorized agent of the plaintiff on May 10, 1893, and had authority to collect this claim, and that he did, on May 10, 1893, pay to said Williams all of said amount due plaintiff, and that plaintiff should look to its agent Williams for the same.

Plaintiff answered their plea by supplemental petition, demurring to the sufficiency of said answer, and denying the plea of payment. The case was tried before the court without a jury, January 2, 1894, on which day the court rendered judgment for the defendant, finding and filing his conclusions of law and fact. From this judgment plaintiff has appealed to this court.

Opinion.—The evidence shows that the defendant Gorman had a contract with the city of Groesbeck to construct for it a system of waterworks, he to furnish the material. W. J. Williams, a broker and general agent, residing in Dallas, made him a written proposition to furnish the material at certain prices and upon stated terms of payment, namely, $1000 cash upon delivery, and the balance in acceptances payable in sixty days. The prices named were for the goods delivered at Groesbeck, but Gorman was to advance and pay the freight charges, and he was to give orders on the Groesbeck bank for the amount of the acceptances upon the money to be paid into the bank by the city of Groesbeck, as the work progressed. Gorman accepted the proposition of Williams, and Williams communicated the contract of sale to the plaintiff and requested it to ship the goods to Gorman.

Plaintiff shipped the goods to Gorman upon the terms stated, billed and invoiced them to him, and charged him upon their books as the purchaser. The goods were received by Gorman, the $1000 cash payment was shortly thereafter made by him to Williams, and by Williams remitted to the plaintiff. Plaintiff sent the sixty-day drafts to the Groesbeck bank for Gorman's acceptance, covering the balance of the

purchase, but Gorman was absent and the drafts were returned without presentation to him, and he never executed the acceptances or orders upon the bank as contemplated by the contract of purchase.  In making the contract of sale, Williams acted as the agent of plaintiff, and received a commission as compensation for his services in consummating the sale.  His written proposition to Gorman did not disclose his agency, and while Gorman knew that he had no such material himself, and generally dealt as agent, he swears that in this instance he contracted with Williams as an individual, and supposed that Williams would make the purchase of the material upon his own account, and in deference to the finding of the trial judge, we  find that Gorman on his part regarded Williams as the principal in the contract.

At the time the contract was entered into, Gorman expected to pay money for all the material furnished, and at the time he received the goods, he was informed that they were furnished by plaintiff, and before he made any settlement with Williams, he knew that plaintiff had sent the sixty-day drafts to the bank for his acceptance.  The $1000 paid by Gorman is credited upon the account sued on, and is the only money actually paid by him upon the purchase.  Gorman testified that Williams owed him on previous dealings between them as individuals in an amount equal to the balance due upon this account, and that a discharge of this indebtedness was accepted by Williams in satisfaction of the balance due on the purchase.  This Williams positively denies, but as the trial judge found in favor of Gorman's statement, under well established rules, we must also accept it as true.

It is admitted that the account sued on is correct as to items, prices and credits; that the plaintiff delivered the goods and has only received $1000 upon the account; but Gorman contends that he discharged his liability by his settlement with Williams.  What are the rights of the parties upon this state of fact?  The court below held that Gorman's settlement with Williams paid the debt, so far as Gorman is concerned, and that he is not liable to plaintiff in this suit.  The correctness of this conclusion is the controlling question presented for our determination.

If Gorman had made no settlement with Williams for the goods, as the goods were the property of the plaintiff, not Williams, and were used by Gorman, he would be liable to plaintiff for their value upon the plainest principles of law and equity.  As to the $1000 paid to Williams by Gorman, there is no contention; it was paid over to plaintiff, and is credited upon the account.  Can Gorman legally claim exemption from liability for the balance by reason of the agreement between himself and Williams, that Williams' individual indebtedness to Gorman should be liquidated by the balance due on the account, the purchase not having been made with this character of settlement in view?  In the absence of authority from the principal, an agent has not the power to accept, in satisfaction of debts due his principal, acquittance of his own individual liabilities.  McAlpin v. Cassidy, 17 Texas,

450; Meach. on Agency, sec. 375. There was no real authority in the agent Williams to settle the account by applying his debt to Gorman in satisfaction of the debt due his principal, the plaintiff. Gorman can not be acquitted of liability therefore, upon the idea of actual authority in Williams to make such settlement. The doctrine of actual and implied authority in the agent applies where the agent has been dealt with by a person in good faith, believing he possessed the authority exercised, to such an extent that to deny the agent's authority would seriously damage the party dealing with him and afflict an innocent person. Meach. on Agency, secs. 279-289.

In the case before us, Gorman has been fully protected in the money he paid to Williams, and if he should be required to pay the balance due on account to plaintiff, he would not be placed in any worse position than he occupied when he made the settlement with Williams; Williams would still owe him the amount of his indebtedness applied to the account. He gave up no securities, and made no change in his condition which would commend him to the protecting shield of equity; while to discharge him from liability would allow him to appropriate the property of the plaintiff, and deprive the plaintiff of its security of payment relied upon by it when the goods were furnished him. Neither the principles of law nor equity sanction such a course.

We are clearly of the opinion that the defendant is liable for the debt, and that the judgment of the court below should be reversed and here rendered for appellant for the amount of its debt as sued for, interest and costs. It is accordingly so ordered.

*Reversed and rendered.*

Delivered December 14, 1895.