CHASE–HACKLEY PIANO CO. v. CLYMER
et al. (No. 1301.)

(Court of Civil Appeals of Texas. Amarillo.
March 20, 1918.)

1. SALES ⚖➨8 — NATURE OF CONTRACT—RE-
CORDING.
Where owner shipped pianos to a factor on
consignment, the contract did not fall within
the provisions of Rev. St. 1911, arts. 5654, 5655,
requiring reservation of title to be recorded.

2. FACTORS ⚖➨52 — MORTGAGE BY FACTOR —
RIGHTS.
Where a factor mortgaged goods belonging
to his principal without the knowledge of prin-
cipal or act of estoppel on principal's part, the
principal's right to the goods is superior to that
of mortgagee.

3. APPEAL AND ERROR ⚖➨670(1) — RECORD —
CORRECTION.
If a record of a trial court does not speak
the truth, the proper place for correction is in
that court, and not by affidavits filed in the ap-
pellate court.

Appeal from Grayson County Court; Day-
ton B. Steed, Judge.

Action by the Chase-Hackley Piano Com-
pany. against W. E. Clymer and others.
Judgment for defendants, and plaintiff ap-
peals. Reversed and remanded.

R. W. Stoddard and Jno. T. Suggs, both of
Denison, for appellant. J. S. Kone, of Deni-
son, for appellees.

BOYCE, J. Chase-Hackley Piano Com-
pany delivered to L. W. Wiley two pianos on
contract, which we construe to evidence a
consignment for sale. Wiley mortgaged
these pianos to appellee Clymer to secure the
payment of the individual indebtedness of
Wiley to Clymer for money borrowed and
represented by two notes, delivering posses-
sion of the pianos to Clymer, to be held un-
til the notes were paid. Wiley represented
to Clymer that he was the owner of the
pianos, and Clymer made the loan and took
the mortgages on the faith of this represen-
tation without knowledge that the Chase-
Hackley Piano Company had any interest in
them. The said company brought suit
against Clymer to recover the pianos, and
Clymer set up in his answer the mortgage
executed by Wiley as stated, and asked for
judgment on his notes and foreclosure of his
mortgage lien on the pianos. This appeal is
from a judgment for defendant, rendered on
verdict by the jury under a peremptory in-
struction.

[1] We construe the contract under which
the pianos were delivered to Wiley as creat-
ing the relation between the parties of own-
er and factor. Milburn Mfg. Co. v. Peak, 89
Tex. 209, 34 S. W. 102; Stein Double Cush-
ion Tire Co. v. Fulton, 159 S. W. 1013. The
contract is very similar to that construed by
the Supreme Court in the case of Milburn
Mfg. Co. v. Peak, supra. The contract, there-
fore, did not fall within the provisions of

articles 5654 and 5655, R. S., in regard to
chattel mortgages.

[2] It was the rule at common law that a
pledge or mortgage of property held by the
factor for sale, made by the factor to se-
cure his individual indebtedness, could not
be enforced against the owner of the goods,
though the pledgee or mortgagee had no no-
tice of the fact that the factor did not in
fact own the goods, and took the mortgage
or pledge on the faith of his belief that the
factor was the owner, unless the owner of
the goods, by some acts other than the mere
delivery of possession of the property to the
factor, had estopped himself from denying
the right of the factor to treat the goods as
his own. McCreary v. Gaines, 55 Tex. 488,
492, 40 Am. Rep. 818; Renfroe v. Hall, 202 S.
W. 218, a decision by this court not yet official-
ly reported; Warner v. Martin, 11 How. 209,
13 L. Ed. 673; Mechem on Agency (2d Ed.)
§§ 2509, 2511, 897; R. C. L. vol. 11, p. 761;
C. J. vol. 2, Agency, § 68. As shown by these
authorities, including the Texas authority re-
ferred to, this rule has been modified in Eng-
land and many of the states of the United
States by the adoption of the Factor Acts.
No such legislation has been adopted in this
state, and we regard the case of McCreary
v. Gaines, supra, as controlling authority.
No facts of estoppel against the Chase-Hack-
ley Piano Company, other than the mere de-
livery of the pianos to Wiley under the con-
tract, were shown. Under these circum-
stances the peremptory instruction in favor
of the defendant was error, and if the facts
upon another trial are the same as shown
by the present record, a peremptory instruc-
tion should be given for the plaintiff.

[3] We cannot consider the affidavits filed
by appellees in this court, to the effect that
certain proceedings, as shown by the tran-
script as being had in the lower court, did
not in fact take place. If the records of the
trial court do not speak the truth, the prop-
er place to take action to correct them is in
that court. Boggess v. Harris, 90 Tex. 476,
39 S. W. 565; Willis v. Smith, 90 Tex. 635,
40 S. W. 401; Neville v. Miller, 171 S. W.
1111; Kimbell v. Powell, 57 Tex. Civ. App.
57, 121 S. W. 542.

Reversed and remanded.

⚖➨For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes