## TRIPPETT v. NASH McLARTY MOTOR CO.
### (No. 141.)

(Court of Civil Appeals of Texas. Waco. Jan. 22, 1925. Rehearing Denied Feb. 19, 1925.)

1. **Appeal and error** ⏅⇒544(1)—**Trial court's failure to file requested conclusions of law and of fact held not ground for reversal, in absence of bill of exceptions complaining thereof.**

Trial court's failure to file requested conclusions of law and of fact *held* not ground for reversal, in absence of bill of exceptions complaining thereof.

2. **Exceptions, bill of** ⏅⇒54 — **Refusal of trial judge to sign bill of exceptions to his failure to file requested conclusions of law and of fact enables complaining party to secure bill by complying with pertinent statute.**

Where trial judge refuses to sign bill of exceptions to his failure to file requested conclusions of law and of fact, party complaining may secure bill by complying with Rev. St. art. 2067.

3. **Principal and agent** ⏅⇒124(1)—**Evidence held not to raise issue of implied authority of plaintiff's general manager to credit defendant's account with individual debt of manager.**

Issue of implied authority of plaintiff's general manager to credit defendant's account with the manager's individual debt to defendant, growing out of general custom or course of dealing, *held* not raised by the evidence.

4. **Principal and agent** ⏅⇒48 — **Generally, agent must exercise good faith and loyalty in transacting his principal's business.**

Generally, an agent, whether general or special, must exercise good faith and loyalty in transacting his principal's business.

**5. Principal and agent ⬥160½—Personal interest of agent in transaction consummated for his principal renders transaction voidable by principal; exceptions stated.**

Any personal interest of agent in transaction consummated for principal renders transaction voidable by principal, except on affirmative showing that principal knew all the facts, and, so knowing, approved or acquiesced in the transaction.

**6. Principal and agent ⬥160½—Principal's right to avoid transaction of agent in which latter has personal interest exists independently of existence of agent's bad faith or resulting loss to principal.**

Principal's right to avoid agent's transaction in which agent has personal interest exists regardless of whether the agent in fact acted in bad faith or whether his action resulted in loss to his principal; such rule being based upon public policy.

**7. Principal and agent ⬥105(10)—Agent, authorized to collect debts, held not authorized as matter of law to bind principal by crediting accounts due latter with agent's individual debt to party owing accounts to principal.**

An agent, authorized to collect debts due his principal, whether such authority arises by an agency limited to such purpose or by a general agency, such as manager of a business or corporation, is not as a matter of law authorized to bind principal by crediting accounts due the latter with the manager's individual indebtedness to the party owing such accounts to the principal.

Appeal from Ellis County Court; H. R. Stovall, Judge.

Action by the Nash McLarty Motor Company against O. H. Trippett. Judgment for plaintiff, and defendant appeals. Affirmed.

Tom Whipple, of Waxahachie, for appellant.

J. T. Gill, of Waxahachie, and Jno Craig, of Dallas, for appellee.

GALLAGHER, C. J. Nash McLarty Motor Company, a corporation, appellee herein, sued O. H. Trippett, appellant herein, on an open account for a balance of $222.64. Appellee alleged that this account arose out of a transaction between appellant and Waxahachie Nash Company, which appellee further alleged was one of its branch houses. Appellant in his answer admitted that the account sued on was correct, but alleged that all of the same except the sum of $52.59 had been offset, paid, and discharged by the action of one Erwin, the agent and manager of the Waxahachie Nash Company, in agreeing to give appellant credit thereon for the amount of an indebtedness owed by said Erwin individually to appellant. The case was tried before the court, and judgment rendered in favor of appellee for the full amount

sued for. The case is before us for review on appeal.

[1, 2] Appellant requested the court to file conclusions of law and fact, and had such request entered of record as a part of the order of the court overruling his motion for a new trial. The court failed to file such conclusions, but did file a statement of facts, in which he recited that the parties had failed to agree upon a statement of facts, and that he therefore prepared and filed the same for use on this appeal. Appellant complains of the failure of the court to file conclusions of law and fact as requested. No bill of exceptions to such failure is found in the record. In the absence of such bill we cannot reverse the judgment of the trial court on account of such failure. Cotulla v. Goggan & Bros., 77 Tex. 32, 35, 13 S. W. 742; Landa v. Heermann, 85 Tex. 1, 4, 19 S. W. 885; Masterson v. Pullen (Tex. Civ. App.) 207 S. W. 537, 538; Jacobs v. Nussbaum, 63 Tex. Civ. App. 520, 133 S. W. 484, 485, 486; Boyette v. Glass (Tex. Civ. App.) 140 S. W. 819, 820; Demetri v. McCoy (Tex. Civ. App.) 145 S. W. 293, 295. In event the trial judge should refuse to sign a proper bill of exceptions to his failure to file such conclusions, the party complaining of such failure is not necessarily without a remedy. He may secure his bill by complying with the provisions of article 2067 of the Revised Statutes.

[3] The only other issue raised by appellant involves the authority of Erwin, manager of the Waxahachie Nash Company, to give credit on the account owed by appellant to said company for the amount owed by said Erwin individually to appellant. There is no contention that Erwin had any express authority from said company to discharge his individual bills by giving appellant credit therefor on the account owed by him to said company. The only contention made is that said Erwin had such authority by virtue of the fact that he was agent, bookkeeper, and general manager of said business for said company. The statement of facts is very brief, but it shows, in substance, that the account sued on had been running for some time. Erwin's account with appellant had also been running for some time. On one occasion appellant presented his account against Erwin at the place of business of said Waxahachie Nash Company, and Erwin prepared and delivered to him a statement of his, appellant's, account with said company, crediting on said statement the amount owed appellant by him the said Erwin. On another occasion subsequent thereto appellant again presented his account against said Erwin at the office of said company, and said Erwin again furnished him a statement of his account with said company, crediting thereon the full amount of appellant's account against him, the said Er-

win, individually. The amount of $52.59 was shown by said statement to be due by appellant to said company after allowing such credit. There were no further transactions in the matter until appellee presented said account against appellant to him. Said account so presented was not credited with the amount owed by Erwin to appellant and credited by Erwin on such former statements. Appellant refused to pay the account as presented, except as to the sum of $52.59, which he offered to pay in full settlement of said account. Said offer was refused, and appellant paid said sum into court as a tender on filing his answer herein.

There is nothing in the statement of facts in this case showing or tending to show that the act of Erwin in crediting said company's account against appellant with the amount of appellant's account against him was ever approved or even acquiesced in by any one authorized to act for said company. Neither is there anything therein tending to show that Erwin was permitted to discharge his personal indebtedness to others owing accounts to said company by crediting such accounts with such indebtedness. Such being the case, the issue of implied authority to credit appellant's account with his individual debt to appellant growing out of general custom or course of dealing is not raised by the evidence.

[4-6] The general rule is that an agent, whether general or special, is required to exercise good faith and loyalty in transacting his principal's business, and any personal interest on his part in any transaction consummated by him in behalf of his principal renders such transaction voidable by the principal, unless it is affirmatively shown that the principal had full knowledge of such interest, and with such knowledge approved or acquiesced in said transaction. Such right of avoidance exists regardless of whether the agent in fact acted in bad faith or whether his action resulted in loss to his principal. This rule is said to have been adopted upon the ground of public policy in order to remove from the agent all temptation to neglect his principal's interests. 2 C. J. p. 694, § 354. So an agent cannot sell or lease his principal's property to himself (2 C. J. p. 700, § 358); neither can an agent authorized to purchase property for his principal purchase from himself (2 C. J. p. 703, § 361); neither may be purchase for himself property which he was employed to purchase for his principal (2 C. J. p. 705, § 362, and page 708, § 365).

[7] An agent with authority to collect debts due his principal, whether such authority arises by virtue of an agency limited to such purpose or by virtue of a general agency, such as being manager of a business or corporation, is not, as matter of law, merely by virtue of such agency authorized to bind his principal by crediting accounts due his principal with his individual indebtedness to the party or parties owing such accounts. Belton Compress Co. v. Belton Brick Mfg. Co., 64 Tex. 337, 338, 339; McAlpin v. Cassidy, 17 Tex. 450, 464; Zang v. Hubbard Building & Realty Co. (Tex. Civ. App.) 125 S. W. 85, 87; Chattanooga Foundry & Pipe Works v. Gorman, 12 Tex. Civ. App. 75, 34 S. W. 308, 309; Smith v. James, 53 Ark. 135, 13 S. W. 701.

There being nothing in the record in this case showing either as a matter of fact or as a matter of law that authority was vested in Erwin to bind his principal, the Waxahachie Nash Company, by his action in crediting appellant's debt to said company with the amount of his individual indebtedness to appellant, the judgment rendered by the trial court was proper, and the same is here affirmed.